HARTFORD FIRE INSURANCE COMPANY *v.* JAMES E. MORRISON ET AL.

[No. 471A70. Filed October 26, 1971.]

*Paul Reed,* of Knox, *Newby, Lewis & Kaminski,* of LaPorte, for appellant.

*Raymond M. Fox, Fox, Franceschini, Transki & Martin,* of counsel, of Michigan City, for appellees.

ROBERTSON, J.—Appellee Morrison brought suit against the appellant insurance company, with the trial concluding on the 17th of July, 1970. The court took the matter under advisement on the same date and then rendered judgment for the insurance company on the 27th of October, 1970. The total elapsed period consisted of 102 days.

On the 28th of October, 1970, the clerk of the court forwarded to the trial judge a letter from Morrison's counsel, requesting withdrawal from the judge and implementing the procedure contained in TR 53.1(A), which reads:

"Time for holding issue under advisement. . . . whenever any issue of law or fact shall hereafter be submitted to the court for trial, ruling, or decision, and the judge shall take the same under advisement, the court shall not hold the same under advisement for more than ninety [90] days after submission or hearing thereon. Provided, that if the judge shall fail to determine any issue of law or fact within the time above reserved, the submission of said issue shall thereupon be automatically withdrawn and the judge before whom said cause is pending shall be disqualified to hear or determine any of the issues in said cause, and a special judge shall be appointed by the Supreme Court. Notice that the case has been withdrawn shall be given the trial judge and the Supreme Court by the clerk of the court."

A motion to correct errors in two parts was ruled upon the 15th of January, 1971. The rhetorical paragraph with which this appeal is concerned was based upon the proposition that the judgment was void by virtue of TR 53.1(A). The court sustained this paragraph of the motion to correct errors and granted the Morrisons a new trial. From this ruling the insurance company appeals.

This court is of the opinion that the acts of the trial court on the 27th of October, 1970, and thereafter, are void. The language of the rule is explicit in that at the conclusion of 90 days after submission the trial judge's jurisdiction over that particular cause automatically terminates, finally and completely. The automatic provision of this rule is further empha-

sized when compared with our old Rule 1-13, and the deletion from the proposed TR 53.1(A), which eliminated any requirement of notification by the parties as to the expiration of the 90 days. To hold otherwise would be in contravention of the meaning of the rule as well as depriving the members of the bar the use of an effective tool to cure a vexatious problem.

There will be those who indicate the rule, and its application, will be harsh to the litigants, the clerk and the court, and cause delay in obtaining judgment. This need not be the case once all persons involved understand and accept their respective responsibilities. As indicated in Professor Harvey's works (3 Indiana Practice, at p. 482), only the slightest nudge is required to set the rule in motion, whether it be by suggestion of counsel to the clerk, the clerk's own personal knowledge, or any one of several other situations easily envisaged. The prompt application of the rule will not unduly delay decisions.

The appellant contends that TR 53.1(A) should be construed in harmony with TR 59 (A) (7) and (9), which reads:

> "(A) Motion to correct errors—When granted. The court upon its own motion or the motion of any of the parties for or against all or any of the parties and upon all or part of the issues shall enter an order for the correction of errors occurring prior to the filing thereof, including, without limitation, the following:
>
> \* \* \*
>
> "(7) Correction of a judgment subject to correction, alteration, amendment or modification; or
>
> \* \* \*
>
> "(9) For any reason allowed by these rules, statute, or other law."

And with TR 60 (B) (6), which allows the court to:

> "(B) Mistake — Excusable neglect—Newly discovered evidence—Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal repre-

sentative from a final judgment, order, default or proceeding for the following reasons:

\* \* \*

"(6) the judgment is void;"

We cannot agree with this position. Each of these rules is directed to nonrelated situations. TR 59 provides the vehicles for an appeal or the correction of error in the trial of the cause. That portion of TR 60 referred to by appellant applies when there has been mistake, excusable neglect, newly discovered evidence, fraud, etc., none of which are shown to be existent in the case at bar.

This cause is reversed and remanded with orders to the Clerk of the Starke Circuit Court to expunge the record made herein from and including the 27th of October, 1970, and to act in compliance with TR 53.1(A) in notification to the Supreme Court of the State of Indiana, forthwith.

Sullivan, P. J., Buchanan and Lowdermilk, JJ., concur.

NOTE.—Reported in 274 N. E. 2d 285.